CAL J. POTTER, III, ESQ.
Nevada Bar No. 1988
POTTER LAW OFFICES
1125 Shadow Lane
Las Vegas, Nevada 89102
(702) 385-1954

ROBERT H. LUDLOW
California Bar No. 36440
LAW OFFICES OF
ROBERT H. LUDLOW
365 Lake Avenue
Santa Cruz, California 95062
(831) 475-5592

RANDALL SCARLETT, ESQ.
California Bar No. 135554
SCARLETT LAW GROUP
536 Pacific Avenue
Barbary Coast Building 1st Floor
San Francisco, CA 94133
(415)352-6264

*Attorneys for Plaintiff*

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| HASSAN HOUSTON, & FELICIA HOUSTON<br><br>Plaintiff,<br><br>vs.<br><br>REEBOK INTERNATIONAL LTD, a Massachusetts Corporation, CLARK COUNTY SCHOOL DISTRICT, AMATEUR ATHLETIC UNION (AAU), DOES I-X, DOE CORPORATIONS I-X,<br><br>Defendants. | Case No.:<br><br>Dept No.: |

### COMPLAINT

COMES NOW, the Plaintiffs, HASSAN HOUSTON and FELICIA HOUSTON by and through their attorneys, ROBERT H. LUDLOW, ESQ., of the law firm of LAW OFFICES OF ROBERT H. LUDLOW, RANDALL SCARLETT, ESQ., of the law firm of SCARLETT LAW GROUP,

1

1  and CAL J. POTTER, III, ESQ. of the law firm of POTTER LAW OFFICES, and, and for his
2  causes of action against the Defendants, and each of them, alleges as follows:

## JURISDICTION

1. This is a complaint for money damages wherein the amount in controversy is in excess of $75,000.00 exclusive of interests and costs and the action is between parties of different states. This action is brought by Plaintiffs pursuant to the doctrine of diversity of citizenship, 28 U.S.C. § 1332, Plaintiffs being residents of the State of California, one Defendant being incorporated in the State of Massachusetts, another being from the State of Florida and the other Defendant from the State of Nevada.

## PARTIES

2. That Plaintiffs, HASAN HOUSTON and FELICIA HOUSTON, are residents of the State of California.

3. That Defendant, REEBOK INTERNATIONAL LTD., a Massachusetts Corporation, doing business at 1895 J.W. Foster Boulevard, Canton, MA 02021 was the sponsor of that certain Basketball event, BIG TIME TOURNAMENT in which Plaintiff was injured, that the AMATUER ATHLETIC UNION (AAU), headquartered at 1910 Hotel Plaza Blvd., Lake Buena Vista, FL 32830, sanctioned the event, and that CLARK COUNTY SCHOOL DISTRICT, with its Administrative Offices at 5100 W. Sahara Blvd., Las Vegas, NV 89146, custodian, operator, and owner of LIBERTY HEIGHTS HIGH SCHOOL in Henderson, Nevada, the school at which that certain Basketball event, BIG TIME TOURNAMENT was held.

4. That the true names and capacities, whether individual, corporate, associate or otherwise, of the Defendant herein designated as DOES, are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names. Plaintiffs allege that each named Defendant herein designated as DOE is negligently, willfully, contractually or otherwise legally responsible for the events and happenings herein referred to and proximately caused injury and damages thereby to Plaintiffs as herein alleged. Plaintiffs will ask leave of the Court to amend this Complaint to insert the true names and capacities of such defendants when the same have

been ascertained and will further ask leave to join said Defendants in these proceedings.

///

## FIRST CLAIM FOR RELIEF

### (Negligence)

5. That on or about July 22, 2004, Plaintiff HASAN HOUSTON was coaching a basketball game during that certain Basketball event, BIG TIME TOURNAMENT operated by REEBOK INTERNATIONAL LTD., sanctioned by the AMATUER ATHLETIC UNION (AAU), and hosted at LIBERTY HEIGHTS HIGH SCHOOL, a school operated by CLARK COUNTY SCHOOL DISTRICT.

6. That at said time, DEFENDANTS, REEBOK INTERNATIONAL LTD. and the AMATUER ATHLETIC UNION (AAU), during the course and scope of that certain Basketball Tournament, BIG TIME TOURNAMENT, owed a duty to all players, coaches, media and spectators to run and supervise that certain Basketball Tournament in a reasonable and safe manner.

7. That at said time, DEFENDANT, CLARK COUNTY SCHOOL DISTRICT, during the course and scope of that certain Basketball event owed a duty to all players, coaches, media and spectators to provide a safe environment in which to play, coach or view that certain Basketball Tournament.

8. That at said time, DEFENDANTS negligently ran and supervised the BIG TIME TOURNAMENT in failing to provide reasonable and foreseeable medical materials and equipment to PLAINTIFF HASAN HOUSTON, a coach in that certain Basketball Tournament by neither having on hand a defibrillator nor other adequate medical material and failing to clear the blocked road by which an ambulance was to access PLAINTIFF HASAN HOUSTON.

9. That said accident and injuries to PLAINTIFF HASAN HOUSTON were caused solely by the negligence of DEFENDANTS and without any negligence on the part of PLAINTIFF HASAN HOUSTON contributing thereto.

10. That by reason of the premises alleged herein, and as a direct and proximate cause thereof, PLAINTIFF HASAN HOUSTON has been seriously injured wherein he suffered a heart

1  failure with anoxic brain injury rendering him severely brain injured with a medical indication
2  that he is in a Persistive Vegetative State and that said injuries are continuing and may be
3  permanent injuries and therefore he has been made to suffer great pain and suffering to his body
4  and has undergone great emotional distress, all of which said conditions may be permanent or
5  disabling in nature, all to his general damages in excess of $75,000.00.

6        11. That by reason of the premises as a direct and proximate cause thereof,
7  PLAINTIFFS have incurred expenses for the medical care, treatment and expenses incidental
8  thereto, all to their damages in an amount in excess of $75,000.00. PLAINTIFFS pray leave of
9  the court to insert all of said damages when the same have been fully ascertained and the
10 Plaintiff will continue to incur expenses in the future in an amount unknown at this time and that
11 the Plaintiff will seek leave of the Court to submit said amounts according to proof at trial.

12       12. That prior to the injuries complained of herein, PLAINTIFF HASAN HOUSTON
13 was an able-bodied man and physically capable of engaging in activities for which he was best
14 suited. By reason of the premises and as a direct and proximate cause thereof, PLAINTIFF
15 HASAN HOUSTON was restricted and limited in his activities. By reason of the premises and
16 as a direct and proximate cause of the Persistive Vegetative State, PLAINTIFFS have suffered
17 lost opportunities and other economic damages past and future in amounts according to proof at
18 trial.

19 **SECOND CLAIM FOR RELIEF**
20 **(Loss of Consortium)**

21       13. PLAINTIFF, FELICIA HOUSTON repeats and re-alleges the allegations
22 contained in Paragraphs 1-13 of the First Claim of Relief as if fully set forth herein in full.

23       14. That at the time and place of injury, DEFENDANTS by so negligently running,
24 operating and supervising the BIG TIME TOURNAMENT failed to provide reasonable and
25 foreseeable medical materials and equipment to PLAINTIFF, HASAN HOUSTON by
26 negligently operating the premises and the activities to be done thereon and by failing to take
27 adequate safety precautions and allowed PLAINTIFF, FELICIA HOUSTON's spouse to suffer
28 permanent and disabling injuries.

15. That prior to HASAN HOUSTON's physical injuries, HASAN was able to and did perform his duties as a husband including household duties, companionship and society, and sexual relations. Subsequent to the injuries and as a proximate result thereof, HASAN has been unable to perform the necessary and usual duties as a husband and HASAN and will be unable to perform such work, services, and duties in the future. By reason thereof, Plaintiff FELICIA has been permanently deprived and will be deprived of the consortium of HASAN, all to Plaintiff's damages exceeding the amount of $75,000.00.

16. That prior to HASAN HOUSTON's physical injuries, HASAN was able to and did perform his duties as husband including household duties, companionship and society and sexual relations. Subsequent to the injuries and as a proximate result thereof, HASAN has been unable to perform the necessary and usual duties as a husband and HASAN and will be unable to perform such work, services, and duties in the future. By reason thereof, Plaintiff HASAN has been permanently deprived and will be deprived of the consortium of FELICIA, all to Plaintiff's damages exceeding the amount of $75,000.00.

WHEREFORE, Plaintiff prays for judgment against the Defendants, both jointly and severally as follows:

1. For general damages, past and future, in a sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00);

2. For special damages, past and future, in a sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00);

3 For cost of suit incurred herein; and

///
///
///
///
///
///
///

5

4.  For such other and further relief as to the Court may deem just and equitable.

DATED this 17 day of July, 2006.

POTTER LAW OFFICES

By _____
CAL J PORTER, III, ESQ.
Nevada Bar No. 1988
1125 Shadow Lane
Las Vegas, NV  89102

ROBERT H. LUDLOW
California Bar No. 36440
LAW OFFICES OF
ROBERT H. LUDLOW
365 Lake Avenue
Santa Cruz, California 95062
(831) 475-5592

RANDALL SCARLETT, ESQ.
California Bar No. 135554
SCARLETT LAW GROUP
536 Pacific Avenue
Barbary Coast Building 1st Floor
San Francisco, CA 94133
(415)352-6264

*Attorneys for Plaintiff*

6